








```
JPP    7/15/03    15:33
3:03-CV-01391    MARTINEZ V. POMPEII FURNITURE CO
*1*
*CMP.*
```

Scott A. Kennedy, Esq. (CSB#164039)
John T. Richards, Esq.   (CSB#159875)
KENNEDY & RICHARDS, LLP
2870 Fourth Avenue, Suite 101
San Diego, CA 92103
Phone: (619) 297-1500
Fax:    (619) 297-1561

Attorneys for Plaintiff,
LINDA MARTINEZ

FILED
03 JUL 14 PM 4:31
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA MARTINEZ, RUDY MARTINEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>POMPEII FURNITURE COMPANY, a corporation; CAMPO BAND OF MISSION INDIANS d.b.a. GOLDEN ACORN CASINO; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 03 CV 1391 K  JAH<br><br>PLAINTIFFS' COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES<br><br>1. Product Liability<br>2. Negligence<br>3. Negligence Per Se<br>4. Loss of Consortium<br><br>***DEMAND FOR TRIAL BY JURY*** |

COMES NOW Plaintiffs, LINDA MARTINEZ and RUDY MARTINEZ, for causes of action against the Defendants, and each of them, who hereby states and alleges as follows:

## JURISDICTION AND PARTIES

1.   This Court has jurisidiction of the claims and parties set forth herein pursuant to 28 U.S.C. §1330 and/or §1332.

2.   Plaintiffs, LINDA MARTINEZ and RUDY MARTINEZ are legally married and, at all times alleged herein, were, and still are, residents of the County of San Diego, State of

Plaintiff Complaint for Damages for Personal Injury                                                                                       1

California.

3. At all times material herein, Defendant POMPEII FURNITURE COMPANY was a corporation duly organized and existing under the laws of the State of Florida, and, at all times alleged herein, was engaged in the business of manufacturing, compiling, assembling, designing, repairing and selling chairs and/or gaming equipment for resale to the public and was the manufacturer, seller, distributor, retailer, installer, and designer of a chair sold to or otherwise delivered to co-Defendant CAMPO BAND OF MISSION INDIANS dba GOLDEN ACORN CASINO (hereinafter referred to as GOLDEN ACORN) for its use in legal gaming and/or gambling business and which, by reason of its defective and unsafe condition, caused injury to Plaintiff as hereinafter alleged. Plaintiff is informed and believes and alleges thereon that Defendant POMPEII conducts sufficient business within the State of California such that it avails itself of the benefits and privileges of the laws of the State of California thereby providing this Court of personal and subject matter jurisdiction over Defendant POMPEII.

4. At all times material herein, Defendant GOLDEN ACORN was a business entity of unknown form which owned, operated, managed, supervised, inspected, maintained, repaired and/or directed a casino, and the gaming/gambling equipment, supplies wherein gambling and/or gaming activities were offered to the paying public, including Plaintiffs in the City of Campo, County of San Diego, State of California. Defendant GOLDEN ACORN owned, operated, inspected, maintained, repaired, altered, and/or designed the chair and/or its appurtenant parts, upon which Plaintiff sustained injury by reason of its defective and dangerous condition. Defendant GOLDEN ACORN was an incorporated entity and/or a body politic and/or enacted ordinances which establish and provide this Court with jurisdiction over said Defendant.

5. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive and therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and upon such information and belief, alleges that each of the Defendants sued herein as DOES 1 through 10, inclusive, were responsible, in some manner, for the events and occurrences referred to herein which proximately caused injury and damage to

1  Plaintiff as hereinafter alleged. Plaintiff will seek leave of court to amend this Complaint to show
2  the true names and capacities of said defendants when they are ascertained.
3     6.   Plaintiff is informed and believes, and upon such information and belief, alleges that
4  each of the fictitiously named defendants was an agent, employee, representative and/or principal
5  of the other defendants and in committing the wrongful acts alleged herein were acting in such
6  capacities within the scope of their authority.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR
### NEGLIGENCE-PRODUCTS LIABILITY

9     7.   Plaintiff repeats and realleges paragraphs 1 through 6, inclusive as though fully set
10 forth herein and incorporates them herein by this reference.
11    8.   Sometime prior to July 26, 2002, Defendant POMPEII designed, manufactured,
12 assembled, and sold a slot machine and its appurtenant parts, including a chair, to co-defendant
13 GOLDEN ACORN; which, in turn, used, offered and/or sold said chair customers who patronized
14 its casino, including Plaintiffs.
15    9.   On or about July 26, 2002, Plaintiffs patronized Defendant GOLDEN ACORN's
16 casino located in the City of Campo, County of San Diego, State of California. Plaintiff LINDA
17 MARTINEZ sat on a chair attached to and which was part of a "Monopoly" theme slot machine
18 and as she was playing said machine, the chair upon which she was seated collapsed due to its
19 defective and dangerous condition thereby causing Plaintiff LINDA MARTINEZ to sustain severe
20 physical and emotional injuries as hereinafter alleged.
21    10.  At all times alleged herein, Defendant POMPEII and DOES 1 through 5, inclusive,
22 so negligently and carelessly designed, manufactured, constructed, assembled, and sold the slot
23 machine and chair such that it was dangerous and unsafe for its intended uses.
24    11.  At all times alleged herein, Defendant GOLDEN ACORN and DOES 6 through 10,
25 inclusive, so negligently maintained, repaired, inspected, altered, redesigned and/or changed the
26 subject slot machine, its chair and all appurtenances thereof such that it was dangerous and unsafe
27 for its intended uses.
28

Plaintiff Complaint for Damages for Personal Injury                                              3

12. As a direct and proximate result of the aforesaid negligence, the chair upon which Plaintiff LINDA MARTINEZ was seated while playing Defendants' "Monopoly" slot machine collapsed, broke or otherwise failed causing Plaintiff to fall and sustain the serious physical injuries to her hand, wrist, shoulder, neck, back and entire body as well as pain and suffering and emotional harm. Plaintiff is informed and believes and thereon alleges that the injuries and damages sustained by Plaintiff are in excess of this Court's jurisdictional limits.

13. As a further direct and legal result of the aforesaid negligence, Plaintiff LINDA MARTINEZ incurred, and will, in the future continue to incur expenses for medical treatment, surgery, radiographs, therapy, drugs and sundries in treatment of the injuries sustained in the subject accident in amounts according to proof at the time of trial.

14. As a further direct and legal result of the aforesaid negligence, Plaintiffs have sustained economic losses and will in the future suffer economic losses in the form of lost earning capacity and expenses incurred in the management of the household.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR STRICT PRODUCTS LIABILITY

15. Plaintiff hereby repeats and realleges paragraphs 1 through 14, inclusive and incorporates them herein by this reference.

16. At all times alleged herein, the "Monopoly" slot machine, its chair and all appurtenant parts were defective as to design, manufacture, construction, assembly, and warnings, causing the slot machine, chair and its appurtenant parts to be in a dangerous and defective condition that made them unsafe for their intended uses.

17. As a direct and proximate result of the defective and dangerous condition of the slot machine, chair and its appurtenant parts, the chair upon which Plaintiff LINDA MARTINEZ was seated while playing Defendants' "Monopoly" slot machine collapsed, broke or otherwise failed causing Plaintiff to fall and sustain the serious physical injuries to her hand, wrist, shoulder, neck, back and entire body as well as pain and suffering and emotional harm. Plaintiff is informed and believes and thereon alleges that the injuries and damages sustained by Plaintiff are in excess of

this Court's jurisdictional limits.

18. As a further direct and legal result of the aforesaid negligence, Plaintiff LINDA MARTINEZ incurred, and will, in the future continue to incur expenses for medical treatment, surgery, radiographs, therapy, drugs and sundries in treatment of the injuries sustained in the subject accident in amounts according to proof at the time of trial.

19. As a further direct and legal result of the aforesaid negligence, Plaintiffs have sustained economic losses and will in the future suffer economic losses in the form of lost earning capacity and expenses incurred in the management of the household

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
## FOR BREACH OF IMPLIED WARRANTY

20. Plaintiff hereby repeats and realleges paragraphs 1 through 19, inclusive and incorporates them herein by this reference.

21. At the time that Plaintiff LINDA MARTINEZ used the Monopoly slot machine, chair and its appurtenant parts, Defendants, and each of them, impliedly warranted that the slot machine, chair and appurtenant parts were of merchantable quality and were safe for their intended uses.

22. Defendants, and each of them, breached the implied warranty described above in that the slot machine, chair and their appurtenant parts were not of merchantable quality and were not safe and fit for their intended uses.

23. As a direct and proximate result of the defective and dangerous condition of the slot machine, chair and its appurtenant parts, the chair upon which Plaintiff LINDA MARTINEZ was seated while playing Defendants' "Monopoly" slot machine collapsed, broke or otherwise failed causing Plaintiff to fall and sustain the serious physical injuries to her hand, wrist, shoulder, neck, back and entire body as well as pain and suffering and emotional harm. Plaintiff is informed and believes and thereon alleges that the injuries and damages sustained by Plaintiff are in excess of this Court's jurisdictional limits.

24. As a further direct and legal result of the aforesaid breach, Plaintiff LINDA

Plaintiff Complaint for Damages for Personal Injury                                                    5

MARTINEZ incurred, and will, in the future continue to incur expenses for medical treatment, surgery, radiographs, therapy, drugs and sundries in treatment of the injuries sustained in the subject accident in amounts according to proof at the time of trial.

25. As a further direct and legal result of the aforesaid negligence, Plaintiffs have sustained economic losses and will in the future suffer economic losses in the form of lost earning capacity and expenses incurred in the management of the household.

## FOURTH CAUSE OF ACTION AGAINST
## DEFENDANT GOLDEN ACORN FOR NEGLIGENCE

26. Plaintiffs repeat and reallege paragraphs 1 through 25, inclusive as though fully set forth and incorporate them herein by this reference.

27. On or about July 26, 2002, Plaintiff LINDA MARTINEZ, while patronizing Defendant GOLDEN ACORN's casino in Campo, California, was seated in a chair playing a "Monopoly" theme slot machine when, due to its defective and dangerous condition, it collapsed or broke causing Plaintiff to fall to the ground and sustain severe physical injuries, disability, pain and suffering and mental anguish.

28. Plaintiff's injuries and damages were the direct and legal result of Defendant GOLDEN ACORN's negligence in that said Defendant negligently and carelessly inspected, repaired, maintained, altered, and/or assembled the subject chair, slot machine and its appurtenant parts; negligently and carelessly failed to inspect, repair, maintain and/or replace the subject chair, slot machine and appurtenant parts; negligently and carelessly used, continued to use and/or made available the subject chair, slot machine and appurtenant parts despite possessing actual and/or constructive knowledge of its defective and dangerous condition; and otherwise failing to exercise due care in the use, maintenance, inspection, repair and/or alteration of the subject chair, slot machine and its appurtenant parts.

28. As a direct and legal result of Defendant's negligence, Plaintiff LINDA MARTINEZ sustained severe physical injuries to her neck, back, wrist, hand, shoulder and entire body and emotional and nervous pain, suffering and anxiety in amounts that are presently unknown

1 but which exceed the jurisdictional limits of this Court.

2    29.    As a further direct and legal result of the aforesaid negligence, Plaintiff LINDA MARTINEZ incurred, and will, in the future continue to incur expenses for medical treatment, surgery, radiographs, therapy, drugs and sundries in treatment of the injuries sustained in the subject accident in amounts according to proof at the time of trial.

6    30.    As a further direct and legal result of the aforesaid negligence, Plaintiffs have sustained economic losses and will in the future suffer economic losses in the form of lost earning capacity and expenses incurred in the management of the household.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANT POMPEII
## FOR NEGLIGENCE

11    31.    Plaintiff repeats and realleges paragraphs 1 through 30, inclusive, and incorporates them herein by this reference.

13    32.    On or about July 26, 2002, Plaintiff LINDA MARTINEZ, while patronizing Defendant GOLDEN ACORN's casino in Campo, California, was seated in a chair playing a "Monopoly" theme slot machine when, due to its defective and dangerous condition, it collapsed or broke causing Plaintiff to fall to the ground and sustain severe physical injuries, disability, pain and suffering and mental anguish.

18    33.    Plaintiff's injuries and damages were the direct and legal result of the negligence of Defendant POMPEII in that said Defendant negligently and carelessly designed, manufactured, assembled, constructed, welded, tested, built and/or altered the chair, slot machine and its appurtenant parts; negligently and carelessly failed to replace, recall and/or warn others of the defective and dangerous condition of the chair, slot machine and appurtenant parts despite possessing actual and/or constructive knowledge of the same; negligently and carelessly failed to inspect, test, and/or repair the subject chair, slopt machine and its appurtenant parts despite possessing knowledge of its dangerous and defective condition; negligently and carelessly failed to use safe and proper methods and materials in the design, manufacture, construction, assembly, and/or repair of the subject chair, slot machine and its appurtenant parts; and otherwise failing to

1  exercise due care.

2      33.    As a direct and legal result of Defendant's negligence, Plaintiff LINDA
3  MARTINEZ sustained severe physical injuries to her neck, back, wrist, hand, shoulder and entire
4  body and emotional and nervous pain, suffering and anxiety in amounts that are presently unknown
5  but which exceed the jurisdictional limits of this Court.

6      34.    As a further direct and legal result of the aforesaid negligence, Plaintiff LINDA
7  MARTINEZ incurred, and will, in the future continue to incur expenses for medical treatment,
8  surgery, radiographs, therapy, drugs and sundries in treatment of the injuries sustained in the
9  subject accident in amounts according to proof at the time of trial.

10     35.    As a further direct and legal result of the aforesaid negligence, Plaintiffs have
11 sustained economic losses and will in the future suffer economic losses in the form of lost earning
12 capacity and expenses incurred in the management of the household.

### SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### FOR LOSS OF CONSORTIUM

15     36.    Plaintiffs repeat and reallege paragraphs 1 through 35, inclusive as though fully set
16 forth and incorporate them herein by this reference.

17     37.    On July 26, 2002, Plaintiff RUDY MARTINEZ was married to and was the lawful
18 spouse of Plaintiff LINDA MARTINEZ.

19     38.    On or about July 26, 2002, Plaintiff's spouse and Plaintiff patronized Defendant
20 GOLDEN ACORN's casino located in Campo, California. Plaintiff's spouse was seated at and
21 playing a "Monopoly" theme slot machine when, as a direct and legal result, of the unsafe,
22 defective and dangerous condition of the slot machine's chair and appurtenant parts, the chair and
23 its appurtenant parts collapsed, broke or otherwise failed causing Plaintiff's spouse to fall to the
24 ground and sustain severe physical injuries, mental aguish, pain and suffering, disability and other
25 damages as more fully alleged herein.

26     39.    The injuries and damages sustained by Plaintiff's spouse were the direct and legal
27 result of the wrongful conduct and negligence of Defendant POMPEII in that it designed,
28

Plaintiff Complaint for Damages for Personal Injury    8

1  manufactured, assembled, welded, constructed, inspected, maintained and/or repaired the subject
2  slot machine such that it was unsafe for its intended use, unreasonably unsafe and/or unreasonably
3  defective and dangerous; negligently and carelessly welded the subject slot machine and all its
4  appurtenant parts; negligently and carelessly designed, constructed, assembled, and built the slot
5  machine and its appurtenant parts; negligently and carelessly inspected, maintained and/or repaired
6  the subject slot machine and its appurtenant parts; negligently and carelessly failed to repair,
7  replace and/or inspect the subject slot machine and its appurtenant parts; and otherwise failed to
8  exercise reasonable and due care in the design, manufacture, construction, welding, assembly,
9  and/or maintenance of the subject slot machine and its appurtenant parts.

10       40.   The injuries and damages sustained by Plaintiff's spouse were the direct and legal
11 result of the negligence of Defendant GOLDEN ACORN in that it negligently and carelessly
12 inspected, maintained, repaired, altered, redesigned, and/or constructed the subject slot machine
13 and its appurtenant parts; negligently and carelessly failed to inspect, repair, replace, and/or fix the
14 subject slot machine and its appurtenant parts despite possessing actual and/or constructive
15 knowledge of unsafe and defective conditions existing thereon; negligently and carelessly failed to
16 replace and/or continued to use the subject slot machine despite possessing actual and/or
17 constructive knowledge of unsafe and/or dangerous conditions existing thereon; and in otherwise
18 failing exercise due care in the use, maintenance, inspection and/or repair of the subject slot
19 machine and its appurtenant parts.

20       41.   Before suffering the injuries alleged herein, Plaintiff's spouse was able to and did
21 perform all the duties of a wife and did perform all these duties including, but not limited to,
22 assisting in maintaining the home, and providing love, companionship, affection, society, sexual
23 relations, moral support and solace to Plaintiff. As a direct and legal result of the aforesaid injuries,
24 Plaintiff's spouse has been unable to perform the duties of a wife in that she was unable to assist in
25 the maintenance of the home, have sexual relations, nor provide comfort, affection and society.
26 Plaintiff is therefore deprived and may be permanently deprived of his spouse's consortium, all to
27 Plaintiff's damage, in a total amount to be established by proof at trial.
28

Plaintiff Complaint for Damages for Personal Injury                                              9

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, and each of them, as follows:

1. For General Damages according to proof;
2. For Special Damages according to proof;
3. For Punitive Damages;
4. For costs of suit; and
5. For such other and further relief as the Court may deem just and proper.

Dated: July 3, 2003

KENNEDY & RICHARDS, LLP

By: _____
Scott A. Kennedy, Esq.

Attorneys for Plaintiffs,
LINDA MARTINEZ and
RUDY MARTINEZ

# CIVIL COVER SHEET
(Reverse Side)

AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? __X__ No _____ Yes

If yes, list case number(s): _____

CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:

(CHECK ALL BOXES THAT APPLY)
- ☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;
- ☐ B. Involve the same or substantially the same parties or property;
- ☐ C. Involve the same patent, trademark or copyright;
- ☐ D. Call for determination of the same or substantially identical questions of law, or
- ☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.

*San Diego County*

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.

*Def. Pompeii Furniture Company — Miami, Florida*
*Def. Campo Band of Mission Indians d.b.a. Golden Acorn Casino — San Diego County*

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
NOTE: In land condemnation cases, use the location of the tract of land involved.

*San Diego County*

X. SIGNATURE OF ATTORNEY (OR PRO PER): X _Scott_ Date _7-11-03_

NOTICE TO COUNSEL/PARTIES: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| NATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# CIVIL COVER SHEET

**I(a) PLAINTIFFS**
Linda Martinez, Rudy Martinez

**DEFENDANTS**
Pompeii Furniture Company, a corporation; Campo Band of Mission Indians d.b.a. Golden Acorn Casino, and DOES 1 through 50, Inclusive

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Miami, Fl
(IN U.S. PLAINTIFF CASES ONLY)

**(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)**
Scott A. Kennedy, Esq. SB#164039
Kennedy & Richards, LLP
2870 Fourth Avenue, Ste. 104
San Diego, CA 92103
Ph. 619.297.8500   Fax. 619.297.1561

**ATTORNEYS (IF KNOWN)**

03 CV 1391 K JAH

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties In Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

1. Products Liability; 2. Negligence; 3. Negligence per se; 4. Loss of Consortium
28 USC 1332 pl (dp)

## VII. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| OTHER STATUTES | CONTRACT | TORTS | | FORFEITURE / PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Heal;th | ☐ 840 Trademark |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment Of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | | | | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Information Act | ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | |
| ☐ 890 Other Statutory Actions | ☐ 290 All Other Real Property | | ☐ 550 Civil Rights ☐ 555 Prison Condition | | |

## VIII(a). IDENTICAL CASES:
Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): #095645 KU $150,0?

CV-71 (10/01)   CIVIL COVER SHEET - Continued on Reverse   Page 1 of 2

**FOR OFFICE USE ONLY:** ☐ Pro Hac Vice fee:  ☐ paid   ☐ not paid
Applying IFP _____   Judge _____   Mag. Judge _____